[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11219
Non-Argument Calendar
_____

Agency No. A097-918-200

JOHN KAMAU WARUI,
TERESIA WAMBUI KAMAU,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____
(December 6, 2012)

Before JORDAN, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

John Kamau Warui and his wife, natives and citizens of Kenya, filed a

petition for review with this Court on 18 March 2010.* The petition states that Warui seeks review of the Board of Immigration Appeals's ("BIA") 14 July 2009 decision dismissing his appeal from the Immigration Judge's decision denying his claims for asylum, for withholding of removal, and for relief under the Convention of Torture. Warui's brief fails to present arguments about the BIA's 17 February 2010 decision denying his motion to reopen his removal proceedings and for reconsideration.

We review our subject matter jurisdiction de novo. Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1). The 30-day period is "mandatory and jurisdictional" and is not subject to equitable tolling. Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quotation marks omitted). Furthermore, filing a motion to reconsider will not stop the 30-day time-to-appeal clock from running. See Stone v. I.N.S., 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995) ("[A] deportation order is final, and reviewable, when issued. Its finality is not

---

* Warui's wife, Teresia Wambui Kamau, is a derivative petitioner. This opinion will refer to both petitioners collectively as "Warui."

2

affected by the subsequent filing of a motion to reconsider.").

We lack jurisdiction to consider Warui's challenge to the BIA's 14 July 2009 decision dismissing his appeal. The petition for review was not filed until 18 March 2010, which was long past the 30-day deadline; and the filing of the motion to reopen and for reconsideration did not stop that deadline from passing. We must dismiss the petition for lack of jurisdiction in this respect.

For Warui's challenge to the BIA's decision denying his motion to reopen his removal proceedings and for reconsideration, his initial brief to us presented no arguments at all on the subject. "When an appellant fails to offer argument on an issue, that issue is abandoned." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). "This court has a well-established rule that issues and contentions not timely raised in the initial brief are deemed waived or abandoned." United States v. Day, 405 F.3d 1293, 1294 n.1 (11th Cir. 2005).

Although Warui filed a timely petition for review of the BIA's February 2010 decision, his initial brief does not address the standard of review, legal requirements, or factual arguments on the denial of his motion to reopen and for reconsideration. Accordingly, any argument on that issue is abandoned.

PETITION DISMISSED IN PART, DENIED IN PART.